IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN S. BREEN and        *
TERESA J. BREEN,
                    *
     Appellants,
                    *
         v.             *      Civil Action No.: RDB 06-3218
                    *
ZVI GUTTMAN, ESQ.,
                    *
     Appellee.
                    *

*    *    *    *    *    *    *    *    *    *    *    *    *

IN RE:                  *

BREEN, JOHN S. & TERESA J.      *      Bankr. No. 02-58017-RG

     Debtors              *

## MEMORANDUM OPINION

This case is before this Court on appeal from the Order of United States Bankruptcy Judge Robert A. Gordon denying a Motion to Reconsider filed by Appellant-Debtors John S. Breen and Theresa J. Breen ("Appellants" or "Debtors"). The underlying issue involves Judge Gordon's decision to approve the settlement of litigation that Appellant-Debtor John S. Breen initiated against his former employer in Maryland state court. The causes of action asserted by Mr. Breen were eventually included as assets in the Chapter 7 bankruptcy estate. As a result, the litigation was administered by Appellee-Trustee Zvi Guttman, Esq. ("Appellee" or "Trustee"). Mr. Breen objected to the proposed settlement negotiated by Trustee—under which the state court defendants agreed to pay the bankruptcy estate $13,000—on grounds that a portion of his claims are based on *post-petition activity* and therefore cannot be the property of the bankruptcy

estate.  The Bankruptcy Court held an evidentiary hearing to address the proposed settlement and

Mr. Breen's related objections.  Based on evidence presented at that hearing, the Bankruptcy

Court found that Mr. Breen's litigation claims based on post-petition activity only amounted to

$500 in value.  This appeal followed.[1]  This Court has jurisdiction pursuant to 28 U.S.C. §

158(a), as this appeal arises from a final order entered by the United States Bankruptcy Court for

the District of Maryland and is brought pursuant to Local Rule 404.  The parties' submissions

have been reviewed and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2004).  For the

reasons stated below, the Order of United States Bankruptcy Judge Robert A. Gordon is

AFFIRMED.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts are not in dispute.  On May 17, 2002, Debtors filed their voluntary

petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court

for the District of Maryland.[2]  On June 24, 2002, a meeting of creditors was held.  On August 28,

2002, an Order of Discharge was entered.  On September 15, 2005, the case was closed.

On January 15, 2003, *before* the bankruptcy case was closed, Appellant-Debtor John S.

Breen filed a complaint against his former employer in the Circuit Court of Baltimore County

(the "State Litigation").[3]  The causes of action asserted by Mr. Breen included claims for breach

---

[1]     This is the second appeal filed by John S. Breen and Teresa J. Breen from an
Order of United States Bankruptcy Court to this Court.  This Court previously affirmed the
Bankruptcy Court's Order dismissing their complaint filed against the Baltimore Gas & Electric
Company.  *See In re Breen*, No. 05-156 (D. Md. Aug. 2, 2005) (unpublished).  This Court's
Order was affirmed in a *per curiam* opinion by the United States Court of Appeals for the Fourth
Circuit.  *See In re Breen*, No. 05-2010 (4th Cir. May 25, 2006) (unpublished).

[2]     *See In re Breen*, No. 02-58017 (Bankr. D. Md.).

[3]     *See John S. Breen v. Timonium Chrysler, Inc., et al.*, No. 03-C-03-000472CN
(Circuit Court for Baltimore County).

of contract, defamation, constructive discharge, conversion, and fraud.[4]  (*See* Bankr. Docket No.

64 at Exs. A-B.)  These claims stemmed in large part from the allegation that Mr. Breen was not

paid the full value of commissions that he earned while working as finance manager for a car

dealership in Timonium, Maryland.  (*Id.*; *see also* Tr. at 27-32.)

On October 16, 2005, Appellants requested that the Bankruptcy Court reopen their

bankruptcy case.  (*See* Bankr. Docket Nos. 52 & 55.)  Appellants explained that their request

"comes in response to the . . . motion to dismiss" filed by the defendants in the State Litigation.

(Bankr. Docket No. 55 at ¶ 5.)  That motion contended that "Mr. Breen lack[s] standing to bring

the [State Litigation] because the claim is property of the estate and has not been abandoned by

the Trustee."  (*Id.*)  Appellants also pointed out that:

> This Court has the authority to reopen the case; doing so will serve
> two purposes.  By re-opening the case and taking such action as
> deemed appropriate, relief is accorded Mr. Breen by protecting his
> independent interest in the state action, and, to the extent of any
> estate interest therein, assets are administered.

(Bankr. Docket No. 52 at ¶ 9.)

Obviously, Appellants did *not* include Mr. Breen's claims against his former employer in

---

[4]      In a bankruptcy court filing describing the State Litigation, Appellee-Trustee Zvi
Guttman, Esq. (the "Appellee") noted that:

> On January 15, 2003, the Debtor, *pro se*, filed a multi-count
> Complaint against Timonium Dodge and Timonium Chrysler.  On
> or about April 26, 2004, the Debtor filed an Amended Complaint
> adding the remaining State Court Defendants and two additional
> Counts.  The Amended Complaint was filed by Teresa Breen,
> counsel, the co-debtor herein.

(Bankr. Docket No. 64 at ¶ 7.)

their initial statement of affairs and schedules in the bankruptcy case.[5]  The parties offer different

explanations for this omission.  According to Appellants:

> The [State Litigation] is based on [Breen's] employment
> relationship with defendants, which terminated in July, 2002.
> When the chapter 7 petition was filed in May, events constituting
> elements of claims had not occurred and key facts giving rise to
> suspicion, were unknown.  Therefore, the claim was not listed in
> his petition schedules.  Moreover, a portion of Mr. Breen's claims
> are based on post-petition wages, which are not property of the
> bankruptcy estate.

(Bankr. Docket No. 55 at ¶ 6.)  According to Appellee:

> In the fall of 2005, the State Court Defendants filed a Motion to
> Dismiss the State Litigation on the grounds that it remained
> property of the estate and that the Debtor had no standing to
> prosecute the State Litigation.  In response, on October 16, 2005,
> the Debtors filed a motion to reopen this case.

(Bankr. Docket No. 64 at ¶ 10.)

On December 23, 2005, the Bankruptcy Court reopened the case "for the limited purpose

of permitting Debtor(s) to determine the estate's interest in the state court action.. . ."  (Bankr.

Docket No. 58.)   On March 27, 2006, the Bankruptcy Court ordered "that the U.S. Trustee [is]

directed to appoint a trustee in the reopened case."  (Bankr. Docket No. 62.)  On May 31, 2006,

the Trustee sought the Bankruptcy Court's approval for a settlement that he reached with the

defendants in the State Litigation.  (Bankr. Docket No. 64.)  The proposed settlement provided

that the defendants in the State Litigation would pay $13,000 in return for dismissing all claims

with prejudice.  (*Id.* at ¶ 20.)  On June 19, 2006, Appellants filed an objection to the proposed

settlement on grounds that "[t]he Debtor, John Breen, has an individual interest, separate and

---

[5]        In a bankruptcy court filing describing the State Litigation, Appellee noted that
"Debtors amended their Schedules B and C on the very day Mr. Breen resigned his position but
did not list the State Litigation."  (Bankr. Docket No. 64 at ¶ 9.)

distinct from the estate, in the State Litigation, to which the Trustee's authority does not extend."

(Bankr. Docket No. 66 at ¶ 3.)

On September 19, 2006, the Bankruptcy Court held an evidentiary hearing to address the proposed settlement and resolve Appellants' objection.  Present at that hearing were Appellants, Appellee, and a lawyer representing the defendants in the State Litigation.  After providing Appellants with the opportunity to establish whether the State Litigation involved causes of action based on post-petition activity, the Bankruptcy Court made the following findings of fact:

> [T]hat (a) but for the amount of $500, the causes of action set forth
> in the Complaint and Amended Complaint pending in the Circuit
> Court of Baltimore County, encaptioned *John S. Breen v.*
> *Timonium Chrysler, Inc. et. al.*, (Case No.: 03C03000472) (the
> "State Litigation") are property of this bankruptcy estate, (b) the
> Trustee has good and sufficient cause for settling the State
> Litigation as described in the Motion and (c) John Breen (the
> "Debtor"), is entitled to an exemption in the amount of $5,028.51.

(Bankr. Docket No. 73 at pp 1-2.)  On October 4, 2006, Appellants filed a Motion to Reconsider and Alter or Amend Judgment.  (Bankr. Docket No. 75.)  On October 26, 2006, the Bankruptcy Court denied the Motion to Reconsider.  (Bankr. Docket No. 80.)

On November 27, 2006, Appellants filed the subject Notice of Appeal in this Court.

(Paper No. 1.)  Appellants described the issues on appeal as follows:

> John S. Breen and Teresa J. Breen, the Debtors, appeal under 28
> U.S.C. § 158(a) from the judgment and order of the U.S.
> Bankruptcy Court, the Honorable Robert A. Gordon presiding, that
> claims advanced in the State Litigation are estate property, that the
> Bankruptcy Court and Trustee have jurisdiction and authority over
> debtor's post-petition wages and any claim therefor, that the extent
> of debtor John Breen's post-petition wage claim(s) is five hundred
> dollars ($500), and approving the Trustee's motion to compromise
> and dismiss the State Litigation in its entirety, which judgment was
> entered on the 25th day of October, 2006.

(*Id.*)  On January 25, 2007, Appellee filed a Motion to Strike Appellants' Reply Brief.[6]  (Paper No. 10.)

## STANDARD OF REVIEW

This appeal is brought pursuant to Rule 8001(a) of the Federal Rules of Bankruptcy Procedure.  On appeal from the bankruptcy court, the district court acts as an appellate court and reviews the bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.  *In re Official Committee of Unsecured Creditors for Dornier Aviation, Inc.*, 453 F.3d 225, 231 (4th Cir. 2006).  A factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed."  *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *In re Frushour*, 433 F.3d 393, 404-405 (4th Cir. 2005) (same).  The district court may affirm, modify, or reverse a bankruptcy judge's order, or remand with instructions for further proceedings.  *See* Fed. R. Bankr. P. 8013.

## DISCUSSION

**I.      Issues On Appeal.**

Appellants appeal two issues:

> a.      Whether the Bankruptcy Court erred in exercising jurisdiction over debtor's post-petition wages and other state law claims and by extending the Trustee's authority to administer non-estate property?
>
> b.      Whether the Bankruptcy Court erred in concluding that claims based upon post-petition events, during debtor's post-petition employment, and giving rise to post-petition damages, are property of the Chapter 7 bankruptcy estate?

---

[6]      After carefully considering the parties' submissions, Appellee's Motion to Strike Appellants' Reply Brief (Paper No. 10) is DENIED.

(Appellants' Br. p. 1.)  These issues are addressed below.

## II.      Bankruptcy Court's Resolution of State Litigation Claims.

This Court's analysis begins by considering the nature of the bankruptcy estate's interest in the causes of action asserted by Mr. Breen in the State Litigation.  Under Title 11 of the United States Code (the "Bankruptcy Code"), the filing of a voluntary petition in bankruptcy court commences a bankruptcy proceeding and creates an estate.  The estate:

> is comprised of all the following property, wherever located and by whomever held:
>
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.
>
> *   *   *
>
> (6)  Proceeds, product, offspring, rents, or profits of or from property of the estate, *except* such as are earnings from services performed by an individual debtor after the commencement of the case.
>
> (7) Any interest in property that the estate acquires after the commencement of the case.

11 U.S.C. § 541(a) (emphasis added).  The estate generally encompasses everything that the debtor owns *upon* filing a petition, including causes of action belonging to the debtor, and property interests that the estate acquires after the case commences.[7]  The only relevant exception to this rule is set forth in Section 541(a)(6) above, which excludes from the estate all "earnings from services performed by an individual debtor *after* commencement of the case."

---

[7]      *See Calafiore v. Werner Enterprises, Inc.*, 418 F. Supp. 2d 795, 797 (D. Md. 2006) (noting that courts interpret the phrase "all legal or equitable interests" in Section 541(a) "to include all causes of action that could be brought by a debtor.") (internal quotation marks and citation omitted); *see also United States v. Whiting Pools, Inc.*, 462 U.S. 198, 203-05 (1983) (term "estate" refers to the grouping of the debtor's assets which are subject to the claims of creditors).

*Id.* at § 541(a)(6) (emphasis added).

In this case, the parties frame the issues in terms of how Sections 541(a)(1) and 541(a)(6) apply to the causes of action asserted by Mr. Breen in the State Litigation.[8]  Appellants argue that they were entitled to "prevent the Trustee's motion to settle, release, and dismiss the entire State Litigation" because that litigation includes a claim for post-petition wages under Section 541(a)(6).  (Appellants' Reply p. 2.)  In contrast, Appellee contends that "it was within the Trustee's purview to compromise that litigation" because it included claims for pre-petition wages under Section 541(a)(1).  (Appellee's Br. p. 3.)

It is crucial to note that the parties *agree* that the State Litigation includes (1) claims based on pre-petition activity that belong to the bankruptcy estate and (2) claims based on post-petition activity that belong to Mr. Breen.  As a result, Appellant does not dispute that the Bankruptcy Court and Trustee appropriately resolved claims belonging to the bankruptcy estate.  Similarly, Appellee does not dispute that Mr. Breen is entitled to "carve out from the proposed compromise proposed by the Trustee that portion of the State Litigation that did not constitute property of the bankruptcy estate."[9]  (Appellee's Br. p. 5.)

The issue in this case is whether the Bankruptcy Court and Trustee possessed the

---

[8]     *Cf. In re Cooley*, 87 B.R. 432, 437 (Bankr. S.D. Tex. 1988) ("In the case of an individual debtor with earnings from services, the interplay between Section 541(a)(1) and (a)(6) creates, in substance if not in legal form, two estates as of the commencement of the case.  One consists of property of the estate while the other consists of property of the debtor.  This result follows from the fact that an individual debtor and his estate are separate entities.") (citation omitted).

[9]     (*See* Appellant's Br. p. 5 ("While not objecting to the Trustee's settlement of *estate* claims, the debtors objected, arguing the Trustee had no authority over the claims included in the state litigation which belonged to debtor and were not estate property.") (emphasis in original); Appellee's Br. p. 5 (noting Appellee's decision *not* to cross-appeal the Bankruptcy Court's determination that "a mere $500 of the damages claimed in the State Litigation represented non-estate property.").)

requisite jurisdiction and authority to control the settlement of *all* causes of action involved in

the State Litigation.  As Appellants explain in their reply papers:

> On his amended Schedule B, Debtor's interest in the State
> Litigation at the time of filing, which would become estate
> property, is appropriately limited to "Prepetition claim for unpaid
> wages."  The State Litigation includes other claims which Debtor
> submits belong to him.  Debtor does not challenge the Court's or
> Trustee's authority over the State Litigation *per se*.  Debtor argues
> here, as at the hearing, that he needed only show a post-petition
> claim exists to prevent the Trustee's motion to settle, release, and
> dismiss the entire State Litigation; that the evidence did, indeed,
> show a post-petition claim exists; *and that at that point the Debtor
> has the right to pursue his post-petition claim as he sees fit*.  To
> that extent, the outcome of Debtor's post-petition claim would
> have no effect on the bankruptcy estate; thus, the court and the
> Trustee lack jurisdiction and authority over Debtor's claim, barring
> the Trustee from negotiating, settling, releasing, dismissing, or
> otherwise acting in regard to the Debtor's claim.

(Appellant's Reply p. 2 (emphasis added).)  The Bankruptcy Court explicitly rejected

Appellants' position on this matter at the evidentiary hearing that it conducted on September 19,

2006.[10]

After reviewing the parties' papers, this Court rejects Appellants' argument that the

Bankruptcy Court and Trustee lacked the jurisdiction and authority to control the settlement of

the State Litigation.  First, the Bankruptcy Court possessed "related to" jurisdiction over the

State Litigation.  The parties agree that "whether a civil proceeding is related to bankruptcy is

[determined by] whether the outcome of that proceeding could conceivably have any effect on

the estate being administered in bankruptcy."  *In re Celotex Corp.*, 124 F.3d 619, 625 (4th Cir.

---

[10]        (*See* Tr. p. 9 ("I do think it's the Debtor's burden to come in and say what is that,
where is it, how much is it, and to the extent the $13,000 covers that, which I'm sure it will
because he didn't make that much to be able to have that much of a manipulation, that'll come
out of the 13.  I don't think the Debtor should be allowed to hold up the settlement simply
because he may be entitled to a piece of it.").)

1997) (citation omitted); (*see also* Appellants' Br. p. 4 (applying *Celotex* standard); Appellee's Br. p. 5 (same).)  Here, Appellants filed a motion to reopen their bankruptcy case for the express purpose of allowing the Bankruptcy Court to protect *all* causes of action in the State Litigation. (*See* Bankr. Docket No. 55 at ¶ 9 ("By re-opening the case and taking such action as deemed appropriate, relief is accorded Mr. Breen by protecting his independent interest in the state action, and, to the extent of any estate interest therein, assets are administered.").)  Appellants also specifically represented that even Mr. Breen's claims were based on allegations involving pre-petition conduct:

> Mr. Breen has a substantial interest in the state court action, independent of the estate interest, if any.  However, he recognizes that, *as a factual matter, his claims are rooted in both the pre- and post-petition conduct of the state court defendants*.

(*Id*. at ¶ 7 (emphasis added).)  At the very least, this representation strongly suggested that severing claims belonging to the estate from claims belonging to Mr. Breen would be impractical.[11]  Finally, after conducting an evidentiary hearing, the Bankruptcy Court made a specific finding that, "except for the $500," there are no "legitimate claims" for post-petition wages under 11 U.S.C. § 541(a)(6).  (Tr. p. 64.)

Second, the Trustee possessed authority to pursue the settlement of the State Litigation. As a preliminary matter, Appellants did *not* include any of Mr. Breen's claims against his former employer in their initial statement of affairs and schedules.  In their motion to reopen the bankruptcy case, moreover, Appellants submitted *all* causes of action in the State Litigation to the protection of the Bankruptcy Court and represented that Mr. Breen's claims "are rooted in

---

[11]     Appellants reversed course on this point in the context of this appeal.  (*See*, *e.g.*, Appellants' Br. p. 5 n.5 ("Documentary evidence clearly identifies dates for distinguishing between pre- and post-petition events and claims.").)

both the pre- and post-petition conduct of the state court defendants." (Bankr. Docket No. 55 at ¶ 7.) Finally, Appellants did not contest the Trustee's authority to settle the State Litigation until *after* the proposed settlement was presented to the Bankruptcy Court for approval. (*See* Appellee's Br. p. 5 ("Debtor had no general objection to the propriety of the Trustee settling the State Litigation in the first instance.").) Given this procedural posture, it was appropriate for the Trustee to exercise control over *all* causes of action set forth in the State Litigation and seek court approval for the negotiated settlement. Based on Appellants' conduct, there was simply no reason for the Bankruptcy Court or Trustee to pursue pre-petition claims independently of Mr. Breen's efforts to pursue post-petition claims.

Third, the Bankruptcy Court provided Appellants with a full and fair opportunity to present evidence establishing the existence and value of post-petition claims *before* approving the proposed settlement. At the end of that hearing, the Bankruptcy Court stated:

> [W]e gave the debtor the opportunity, a full and fair opportunity, to put on a case to show whether or not [post-petition] claims existed.
>
> And the Court concludes, after listening to the testimony, that there are no such claims for post-petition wages, except for the $500 discrepancy that the Debtor could legitimately say, at least today, there was no basis for deducting from his paycheck for one of those post-petition months while he was still employed by the car dealership.
>
> But beyond that, I've heard the Debtor raise concerns about certain of the items listed on his payroll statement, but there is no contrasting evidence to demonstrate why those items were wrong, or why they were improper charges by the car dealership.

(Tr. p. 63.) The evidentiary hearing is critical because it provided Appellants with the opportunity to challenge the proposed settlement on the very grounds raised in this appeal, *i.e.*,

the existence and value, if any, of claims based on post-petition conduct.[12]  Based on evidence

presented at the hearing, the Bankruptcy Court decided that Mr. Breen established the existence

of post-petition claims in the amount of $500, and awarded precisely that amount to Mr. Breen.[13]

Appellants provide no authority for the conclusion that they were entitled to any greater "due

process" than the evidentiary hearing that they received here.  (*Cf.* Appellants' Br. p. 6 n.6

("Indeed, a constitutional issue arises when the debtor's rights to pursue his claim are usurped in

favor of the Trustee who has no standing to act on behalf of the debtor.").)

　　　　Finally, this Court rejects Appellants' attempt to attack the Bankruptcy Court's

*factual* findings.  There are two related factual findings at issue.  First, the Bankruptcy Court

found:

> [T]hat . . . but for the amount of $500, the causes of action set forth
> in the Complaint and Amended Complaint pending in the Circuit
> Court of Baltimore County, encaptioned *John S. Breen v.*
> *Timonium Chrysler, Inc. et. al.*, (Case No.: 03C03000472) (the
> "State Litigation") are property of this bankruptcy estate. . . .

(Bankr. Docket No. 73 at pp 1-2.)  Second, the Bankruptcy Court found that the State Litigation

was within its jurisdiction in part because the "root causes" underlying the causes of action

asserted in the State Litigation occurred pre-petition:

---

[12]　　(*See, e.g.*, Tr. p. 26 ("[S]how me that there is a legitimate claim for post-petition earnings that would fall within that statutory exception such that I would be convinced that I can't approve the settlement that [the Trustee] has before us today.").)

[13]　　The determination regarding whether debtor's interest in property constitutes "property of the estate" is question of federal law; however, unless there are strong countervailing federal interests, state law controls what interest, if any, debtor actually has in property.  *See In re FCX, Inc.*, 853 F.2d 1149, 1153 (4th Cir. 1988), *cert. denied*, 489 U.S. 1011 (1989).  As a result, Maryland law controls what interest Mr. Breen has in the causes of action asserted in the State Litigation.  Here, there is no indication that the Bankruptcy Court failed to correctly apply Maryland law in evaluating Mr. Breen's post-petition claims.  This Court rejects Appellants' conclusory arguments to the contrary.  (*See* Appellants' Br. p. 6 n.7.)

> The complaint and amended complaint filed in the litigation are difficult to parse through and determine the timing of the different acts alleged in the two complaints. . . . [C]learly a reading of the complaint shows that it grows out of the same root causes . . . such that the Court is convinced that what we have are . . . a series of acts that began pre-petition and perhaps continued over into the post-petition field of play and fall within the definition of property of the estate for that reason, as defined by Section 541(a) and the several cases that have been cited by the Trustee in his memorandum interpreting that provision.

(Tr. pp. 61-62 (referencing *Segal v. Rochelle*, 382 U.S. 375 (1966)); *see also In re O'Dowd*, 233 F.3d 197, 203 (3d Cir. 2000) ("While we acknowledge that the conduct giving rise to the malpractice claim occurred post-petition, we find it *conceptually impossible* to sever the Trueger/Biunno Action from the underlying Sevack Action.") (emphasis added).)

As already noted, a factual finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with a firm and definite conviction that a mistake has been committed." *U.S. Gypsum Co.*, 333 U.S. at 395; *In re Frushour*, 433 F.3d at 404-405 (same); *see also* Fed. R. Bankr. P. 8013 ("[D]ue regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses."). Here, Appellants offer nothing more than conclusory statements when challenging the Bankruptcy Court's factual finding that Mr. Breen is entitled to no more than $500 in post-petition wages.[14] This may stem from Appellants' conviction that "[a]fter presenting evidence of Mr. Breen's claim," they were "not required to prove the merits (*i.e.*, the value or extent)

---

[14]    (*See*, *e.g.*, Appellants' Br. p. 5 n.5 ("Documentary evidence clearly identifies dates for distinguishing between pre- and post-petition events and claims."); p. 8 n.11 ("Indeed, based on debtor's detailed transactional logs, post-petition earnings are clearly separable from pre-petition claims."); Appellants' Reply p. 8 ("Post-petition transactions are easily identified on the evidence presented at the hearing, which provides detailed information, including dates, on commissions earned."); *see also* Tr. p. 60 (where Appellants note that "we only tried to limit our evidence to establish that there was a claim, not the extent of the claim.").)

because the claim is the debtor's to do with as he sees fit."  (Appellant's Br. p. 4; *see id*. at p. 6

("Regardless of value, the debtor's claims are his to deal with as he sees fit and the Trustee has

no authority to negotiate, settle, release, or dismiss, *the debtor's claims*." (emphasis in original).)

Appellants attempt to challenge the Bankruptcy Court's finding that the causes of action asserted

in the State Litigation cannot be neatly divided into pre-petition claims and post-petition claims

fails for precisely the same reasons.  Accordingly, this Court does not find that the Bankruptcy

Court erred with respect to the factual findings made during the September 19, 2006 evidentiary

hearing.

## **CONCLUSION**

For the reasons stated above, the Orders of United States Bankruptcy Judge Robert A.

Gordon are AFFIRMED.  A separate Order follows.


Dated: May 8, 2007                          /s/_____
                                            Richard D. Bennett
                                            United States District Judge